IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

VALERIE SMITH,                    :
                                  :
          Plaintiff,              :
                                  :
     v.                           :  Civil Action No. 99-440-JJF
                                  :
STATE OF DELAWARE, et al.,        :
                                  :
          Defendants.             :

**MEMORANDUM ORDER**

## I.  INTRODUCTION

Plaintiff Valerie Smith ("Plaintiff") filed a civil rights
action pursuant to 42 U.S.C. § 1983 on July 9, 1999.  (D.I. 2.)
Plaintiff is housed in the Delaware Psychiatric Center, New
Castle, Delaware.  Now before the Court is Plaintiff's Motion To
Reopen the case.  (D.I. 36.)

## II.  BACKGROUND

The Complaint alleges that when Plaintiff was sixteen years
of age, her foster care parents abused her mentally, physically,
and verbally while she was in their custody.  (D.I. 2.)  The case
was dismissed pursuant to a Rule 12(b)(6) Motion filed by
Defendants on the grounds that the claims were barred by the
applicable two-year limitation period.  (D.I. 30, 31; Smith v.
State of Delaware, 2001 WL 845654 (D. Del. July 24, 2001).
Plaintiff did not appeal the July 24, 2001 Order.

One year after its dismissal, Plaintiff inquired about the
status of the case and was advised that the case was closed.

(D.I. 32, 33.) Three months later, on October 10, 2002, she made a second inquiry, and on August 17, 2007, the Court received yet another query. (D.I. 34, 35.)

On March 29, 2010, nearly nine years after dismissal of the case, Plaintiff filed a Letter/Motion To Reopen the case. (D.I. 36.) The Motion states that Plaintiff would like to reopen the case and she is demanding four million dollars for rape and asks that the money be placed in the William Trust Bank.

## III. DISCUSSION

Plaintiff does not indicate under which Rule she moves to reopen the case. However, a motion under Rule 60(b)(4), (5), or (6) must be made within a "reasonable time" after the judgment, order, or proceeding was entered. Fed. R. Civ. P. 60(b). To prevail on a Rule 60(b)(4) motion, a plaintiff must show that "the judgment is void." Fed. R. Civ. P. 60(b)(4). Rule 60(b)(5) provides that relief from a judgment may be had if "the judgment has been satisfied, released, or discharged, reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Id. at (b)(5). Rule 60(b)(6) "is a catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." United States v. Witco Corp., 76 F. Supp. 2d 519, 527 (D. Del. 1999). It is within the sound discretion of the trial court to grant or deny relief under this section. Lasky v. Continental

Products Corp., 804 F.2d 250, 256 (3d Cir.1986).

It is not appropriate to reopen this case under Rule
60(b)(4) since there has been no finding that the judgment
against Plaintiff is void.  A judgment is void and subject to
relief under Rule 60(b)(4) only if the court that rendered it
lacked jurisdiction to do so, or entered "a decree which is not
within the powers granted to it by the law."  Marshall v. Board
of Educ., 575 F.2d 417, 422 (3d Cir. 1978) (citation omitted).  A
judgment is not void and not within the purview of Rule 60(b)(4)
simply because it is erroneous or based upon precedent later
deemed incorrect or unconstitutional.  Id.  (citations omitted).

It is also inappropriate to reopen the case under Rule
60(b)(5).  See  United States v. Dansbury, Crim. No. 89-156-2,
1996 WL 592645, at *3 (E. D. Pa. Oct. 15, 1996) (citing 11
Charles A. Wright et al., Federal Practice and Procedure § 2683,
at 337-38 (2d ed. 1995) (stating that Rule 60(b)(5) "applies to
any judgment that has prospective effect as contrasted with those
that offer a present remedy for a past wrong")); see also
Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., 131 F.3d 625,
630 (7th Cir. 1997) ("judgments are prospective when they are
'executory' or 'involve the supervision of changing conduct or
conditions'" . . . "that a court's action has continuing
consequences, however, does not necessarily mean that it has
'prospective application' for the purposes of Rule 60(b)(5)").

The 2001 Memorandum Opinion and Order have no prospective application, did not compel any party to perform any future act or require the Court to supervise any actions taken by the parties to the case.

Similarly, Rule 60(b)(6) provides Plaintiff no relief.  The 2001 Memorandum Opinion and Order provided a detailed analysis in dismissing the case.  There is nothing to warrant reopening of this case.  The Court finds that Plaintiff has not provided sufficient reasons under Rule 60(b)(6) to justify reopening a case closed in 2001.

For the above reasons, the Court will deny Plaintiff's Motion To Reopen.  (D.I. 36.)

## IV.  CONCLUSION

IT IS HEREBY ORDERED THAT:

1.    The Motion To Reopen is **DENIED**.  (D.I. 36.)

2.    Plaintiff is placed on notice that the Court will not consider future requests to reopen the case.

3.    The case remains **CLOSED**.

4|26|2010
DATE

Joseph J Faman Jr.
UNITED STATES DISTRICT JUDGE

4